UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-847 MRW | Date | July 13, 2020 |
| Title | Beatport LLC v. SoundCloud Ltd | | |

| | | | |
|---|---|---|---|
| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | | |
| | Veronica Piper | | n/a |
| | Deputy Clerk | | Court Reporter / Recorder |
| | Attorneys for Plaintiff: | | Attorneys for Defendant: |
| | n/a | | n/a |

Proceedings: ORDER DISMISSING ACTION

## SUMMARY

1. The defense moved to dismiss Plaintiff Beatport's third attempt at pleading viable federal court jurisdiction over the parties and a plausible cause of action for trade secret theft. After yet more extensive motion practice and another rollicking hearing, the Court concludes that the current iteration of the complaint – like its predecessors – does not adequately meet the standards applicable under federal law. The Court therefore dismisses the action without leave to amend.

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

2. The following facts are asserted in Plaintiff's Second Amended Complaint (SAC (Docket # 73)) and taken as true.

### The Parties

3. ***Plaintiff Beatport*** is an American company involved in the digital music industry. In early 2018, it acquired substantially all of the assets of ***Pulselocker***. Pulselocker was a San Francisco company that developed proprietary technology for DJs. (SAC ¶ 2-3.)

4. ***Defendant SoundCloud Limited*** is an English company with its principal place of business in Germany. For purposes of this decision (and without trying to pick a political fight about the meaning or current state of Brexit), SoundCloud Limited will be referred to as "SoundCloud Europe." SoundCloud Europe provides subscription-based music and other audio services worldwide. (SAC ¶ 4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-847 MRW | Date | July 13, 2020 |
|---|---|---|---|
| Title | Beatport LLC v. SoundCloud Ltd | | |

5. **_Defendant SoundCloud Inc._** is an American company with a business office in Los Angeles. This decision will refer to SoundCloud Inc. as "SoundCloud US." SoundCloud US is a wholly owned subsidiary of SoundCloud Europe. Among other things, SoundCloud US "provides research and development services" to SoundCloud Europe. (SAC ¶ 5-6.)

6. At paragraphs 6-8 of the Second Amended Complaint, Plaintiff alleges that SoundCloud Europe (parent) and SoundCloud US (subsidiary): (a) have a principal-agent relationship; and (b) are alter egos of each other. The alter ego allegation is based on the parties' common name, high-level officers, blog and social media accounts, and a general "unity of interest" by which the companies "hold themselves out to the public as a single unitary entity." (SAC ¶ 6-7.)

7. For these reasons, Plaintiff's complaint "collectively refer[s] to" both entities as "SoundCloud," except in certain specified sections of the pleading. (SAC ¶ 8.) At the hearing, the Court confirmed with Plaintiff's experienced lawyer that the appropriate way to read the complaint is, essentially, to substitute "SoundCloud Europe" and "SoundCloud US" in every allegation that uses the single, defined term "SoundCloud."

**The Allegations of Theft**

8. The gist of Plaintiff's grievance is that SoundCloud (be it SoundCloud Europe, SoundCloud US, or both) lured Pulselocker into a German conference room and stole Pulselocker's non-public, proprietary technology. The awkward parenthetical in the preceding sentence provides the crux of the defense dismissal motion.

9. The Second Amended Complaint clearly alleges that SoundCloud Europe "falsely led Pulselocker to believe that it [SoundCloud Europe] was interested in acquiring Pulselocker or its assets." (SAC ¶ 10.) SoundCloud Europe then "induced Pulselocker to disclose its [Pulselocker's] proprietary trade secret information." (SAC ¶ 11.)

10. In early October 2017, Pulselocker and SoundCloud Europe "executed a non-disclosure agreement."[1] (SAC ¶ 31.) After that, "Pulselocker began by providing

---

[1] The parties agreed that the NDA would be governed by English law and that the parties "submit to the non-exclusive jurisdiction of the English courts" in case of a dispute. (Docket # 32-2 at 3.) In earlier motion practice, Plaintiff opposed the defense request that the Court take judicial notice of the parties' agreement. (Docket # 43.) Even so, Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 19-847 MRW | Date | July 13, 2020 |
|---|---|---|---|
| Title | Beatport LLC v. SoundCloud Ltd | | |

SoundCloud" – that is, using the dual-defined term, SoundCloud Europe and SoundCloud US – "with access to documents and data" regarding the Pulselocker technology. (SAC ¶ 32.)

11. Later that month, at the invitation of SoundCloud Europe and SoundCloud US, Pulselocker's key personnel "gave SoundCloud [Europe and SoundCloud US] a guided tour of Pulselocker's trade secret technology." (SAC ¶ 33.) At the request of SoundCloud Europe and SoundCloud US, "the Berlin meeting also included a detailed discussion with [SoundCloud Europe's and SoundCloud US's] engineering operations leadership on how to integrate Pulselocker's technology with [SoundCloud Europe's and SoundCloud US's] existing platform." (Id.)

12. During the Berlin meeting, the founder and chief product officer of SoundCloud Europe and SoundCloud US spoke privately with a Pulselocker representative. The SoundCloud executive "attempted to recruit [the Pulselocker employee] by offering him a job with" SoundCloud Europe and SoundCloud US. (SAC ¶ 36.) The Pulselocker employee rejected the offer.

13. However, several weeks later, Pulselocker's former CEO "announced that he had joined" SoundCloud Europe and SoundCloud US. (SAC ¶ 37.) And, in October 2018, the former Pulselocker CEO announced on behalf of SoundCloud Europe and SoundCloud US that "'Pulselocker's spirit lives on.'" (SAC ¶ 43.)

14. Based on that announcement, Beatport concluded that SoundCloud Europe and SoundCloud US improperly stole some or all of the Pulselocker technology that Pulselocker presented at the Berlin meeting one year earlier. (SAC ¶ 44.) In the charging allegations for Plaintiff's federal trade secret theft cause of action,[2] Plaintiff contends that SoundCloud Europe and SoundCloud US "acquired the trade secret information under false pretenses." (SAC ¶ 49.) The complaint alleges that SoundCloud Europe and SoundCloud US "misappropriate[d] the trade secret information" and "us[ed] it to

---

acknowledged that the NDA "does not seem to controvert any fact alleged in the complaint." (Id. at 3-4.)

[2] The two causes of action in the Second Amended Complaint allege violations of the federal [18 U.S.C. § 1836] and state [Cal. Civ. C. § 3426 et seq., although not cited in the SAC] trade secrets statutes. The parties agree that the elements of the offenses are substantively the same. The complaint makes clear that the two sets of claims rely on the same factual assertions regarding the SoundCloud entities.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-847 MRW | Date | July 13, 2020 |
|---|---|---|---|
| Title | Beatport LLC v. SoundCloud Ltd | | |

substantially reduce the development time necessary to bring a competing product and service to market." (SAC ¶ 50.) The pleading does not otherwise distinguish between acts that the two SoundCloud entitles took.

### Additional Allegations About SoundCloud Europe and SoundCloud US

15. In a section of the Second Amended Complaint entitled "Personal Jurisdiction" (SAC ¶ 9-18), Plaintiff pled additional facts about the two SoundCloud companies. The complaint alleges that SoundCloud Europe: knew that Pulselocker was headquartered in California; obtained secrets that Pulselocker kept in a data room in California; and has a website that is accessible from California. (SAC ¶ 10-12.) Without providing specific details, the complaint asserts that SoundCloud Europe "used agents based in California" such as SoundCloud US "to perform some or all of the acts of misappropriation." (SAC ¶ 13.)

16. Additionally, although not pled in the current iteration of the complaint, Plaintiff proffered in a surreply submission that it could allege that SoundCloud Europe contacted Pulselocker's California headquarters to discuss the potential purchase of the company and to propose the Berlin meeting. (Docket # 93 at 2.)

17. More generally, the complaint alleges that SoundCloud Europe: owns and asserts patent and trademark rights in the United States; prices its online services in U.S. dollars; earns a majority of its annual revenue from U.S. customers; and has executives and a subsidiary (SoundCloud US) who "perform their duties" in the United States. (SAC ¶ 14-18.) Attached to Plaintiff's opposition to the dismissal motion are documents from other lawsuits in which SoundCloud US pled broadly that it provides "business development and related services, as well as research and development services" for SoundCloud Europe. (Docket # 80 at 64.)

### Procedural History

18. Plaintiff's original complaint named the two SoundCloud entities as defendants. It also named the former Pulselocker CEO as a defendant complicit in the trade secret theft. (Docket # 1.) The Court granted the defense's request to dismiss the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-847 MRW | Date | July 13, 2020 |
|---|---|---|---|
| Title | Beatport LLC v. SoundCloud Ltd | | |

original complaint with leave to amend on jurisdictional and substantive grounds.[3] (Docket # 52.)

  19. The former CEO remained a defendant in the First Amended Complaint. Plaintiff also beefed up the details of the theft allegations, (which, in the original complaint, were quite vague). (Docket # 59.) Even so, after a hearing on the defense's renewed dismissal motion, Plaintiff agreed to amend the complaint further. (Docket # 67.)

  20. The resulting third attempt omitted the Pulselocker CEO as a putative defendant. It also made clear that the misappropriation of the technology occurred at the Berlin meeting, not through later actions or the post-game recruitment of the CEO.

## PERTINENT FEDERAL LAW

  21. A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim based on the lack of a cognizable legal theory or the absence of facts alleged under such a theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

  22. A complaint need not plead detailed factual allegations, but the complaint must contain enough facts to establish a "plausible" entitlement to relief that is more than merely speculative. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). Rather, the facts as alleged in the complaint "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)

  23. A court must accept a plaintiff's factual allegations as true and must view all inferences in a light most favorable to plaintiff. Zimmerman v. City of Oakland, 255 F.3d 734, 737 (9th Cir. 2001). Nevertheless, a pleading will be rejected if it offers labels, conclusions, or a formulaic recitation of the elements of a cause of action. Iqbal, 556 U.S. at 678.

* * *

---

  [3] The Court incorporates and takes as read aspects of its earlier order in rendering this decision.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-847 MRW | Date | July 13, 2020 |
|---|---|---|---|
| Title | Beatport LLC v. SoundCloud Ltd | | |

24. A federal court may exercise jurisdiction over a non-resident defendant when that party has "certain minimum contacts" with the forum state. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The Supreme Court has emphasized that the minimum contacts analysis "focuses on the relationship among the defendant, the forum, and the litigation." Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775 (1984).

25. Of particular importance are "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 571 U.S. 277, 285 (2014). Entering into "a contractual relationship that envisioned continuing and wide-reaching contacts in the forum State" or "physical entry into the State – either by the defendant in person or through an agent, goods, mail, or some other means – is certainly a relevant contact." Id.

26. However, "it is the defendant's conduct that must form the necessary connection with the forum State"; a defendant's contacts or relationship with a plaintiff, "standing alone, is an insufficient basis for jurisdiction." Id. at 286 (citing Rush v. Savchuk, 444 U.S. 320, 332 (1980)). Moreover, a defendant's "knowledge of a plaintiff's connection to a forum" is not enough to establish a basis for jurisdiction; "Walden requires more." Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1069 (9th Cir. 2017).

27. That "more" is an analysis of the non-resident's "contacts with California" to determine whether that party's "suit-related conduct [ ] create[d] a substantial connection with" the state. Id. at 1070. This component of the jurisdictional analysis requires a showing that "the claim arises out of or relates to the defendant's forum-related activities." Dole Food Co., Inc. v. Watts, 303 F.3d 797, 802 (9th Cir. 2002).

28. A specific jurisdiction analysis that relies on an out-of-state defendant's knowledge that: the infringed party "resided in California"; its trade secrets were located in California; and that the infringed business "suffered harm" in California, does not allege contacts that "qualify as expressly aiming conduct under Walden." Medimpact Healthcare Systems, Inc. v. IQVIA Holdings, Inc., 2020 WL 1433327 at *11 (S.D. Cal. 2020).

29. In Medimpact, the district court found a complaint's assertion that "the alleged misappropriation [ ] was conducted outside of California" in foreign nations was insufficient to establish jurisdiction in the absence of allegations of other acts related to the theft. Id. at *9. See also E*Healthline.com v. Pharmaniaga Berhad, 2018 WL 5296291 (E.D. Cal. 2018) (phone calls and e-mails with California company insufficient to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 19-847 MRW | Date | July 13, 2020 |
|---|---|---|---|
| Title | Beatport LLC v. SoundCloud Ltd | | |

establish jurisdiction; no substantive in-state meetings related to trade secret theft, and parties agreed to foreign jurisdiction in contract for joint venture); Hempel v. Cydan Development, Inc., 2018 WL 5777491 (D. Nev. 2018) (site of confidential material (controlled by plaintiff) not focus of jurisdictional analysis; site of theft and parties' agreement "drive the minimum contacts inquiry"). An allegation that jurisdiction may be based on a foreign company's targeting or aiming the impact of its misconduct toward a particular location is "outdated" and superseded per Walden and Axiom. Medimpact, 2020 WL 1433327 at *10.

      30.    Federal courts "will not impute" a subsidiary corporation's forum contacts to an out-of-state parent in the absence of a pleading that plausibly "spelled out" a basis to disregard their legitimate corporate forms. Axiom, 874 F.3d at 1071 n.5 (citing Holland American Line Inc. v. Wartsilla North Amer. Inc., 485 F.3d 450, 459 (9th Cir. 2007)).

\* \* \*

      31.    Federal Rule of Civil Procedure 4(k)(2) may provide an alternative basis for asserting jurisdiction over a foreign defendant. Under the rule, a district court may exercise personal jurisdiction over a party that "is not subject to jurisdiction in any state's courts of general jurisdiction" if doing so is "consistent with the United States Constitution."

      32.    Analysis of Rule 4(k)(2) jurisdiction is "nearly identical" to traditional federal jurisdictional principles, except "rather than considering contacts between the defendant and the forum state, we consider contacts with the nation as a whole." Holland American Line, 485 F.3d at 462; Axiom, 874 F.3d at 1072.

\* \* \*

      33.    A plaintiff must plead a defendant's alleged conduct – or misconduct – with reasonable specificity. It is a basic pleading defect for a complaint to "lump" parties together and to fail to distinguish between named defendants. Vendavo, Inc. v. Price f(x) AG, 2018 WL 1456697 at *4 (N.D. Cal. 2018) (dismissing trade secret complaint for "lack of specificity" in pleading theft by related companies); Ansara v. Maldonado, 2020 WL 2281476 at *6 (D. Nev. 2020) (plaintiff's broad allegations of statutory violations against several parties "fail to distinguish between defendants, and thus do not provide fair notice of the claims against them"; citing Twombly); see also United States v. Corinthian Colleges, 655 F.3d 984, 997 (9th Cir. 2011) (in fraud-based action, Rule 9 "does not allow a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-847 MRW | Date | July 13, 2020 |
|---|---|---|---|
| Title | Beatport LLC v. SoundCloud Ltd | | |

complaint to merely lump multiple defendants together, but requires plaintiffs to differentiate their allegations when suing more than one defendant"); United States ex rel. Swoben v. United Healthcare Ins. Co., 848 F.3d 1161, 1184 (9th Cir. 2016) (distinguishing between "collective allegations" and "failure to allege particular details" for specific defendants in complaint).

## ANALYSIS

34. Plaintiff's third version of the complaint is inadequate to properly plead federal jurisdiction over SoundCloud Europe. Plaintiff has not plausibly alleged that SoundCloud Europe has minimum contacts with California sufficient to justify requiring the company to defend the action here.

35. Directly put, the Second Amended Complaint says virtually nothing about SoundCloud Europe's contacts with California regarding the trade secret issue. That is, the complaint is silent in pleading facts that set out this defendant's "suit-related conduct" sufficient to create "a substantial connection with" the state. Axiom, 874 F.3d at 1070.

36. Most of the facts pled to justify jurisdiction address general aspects of SoundCloud Europe's business. It's a large tech company that sells products via its website in California, the United States, and elsewhere in the world. It also has executives who travel to California, presumably to interact with personnel at its California-based subsidiary. That may be enough to establish that SoundCloud Europe "purposely availed" itself of California in its day-to-day operations.

37. However, those general allegations don't address the fundamental issue here – what are SoundCloud Europe's claim-related contacts with the state that justify exercising jurisdiction? Dole Food, 303 F.3d at 802. At most, Plaintiff pleads (or, in a further amended complaint, hopes to plead) that SoundCloud Europe contacted Pulselocker in California to set up a meeting at which the trade secrets were to be swiped. The meeting itself occurred in Germany, though, under the terms of a contract pointing to English law and courts for potential relief. No substantial California contact there.

38. And yes, Plaintiff's secrets had originally been stored in a data room in California. But the complaint makes reasonably clear that the Pulselocker team sent this information to Germany and took it with them to present to SoundCloud Europe's tech team. Regardless, the situs of Plaintiff's conduct (where it chooses to house its IP) is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 19-847 MRW | Date | July 13, 2020 |
|---|---|---|---|
| Title | Beatport LLC v. SoundCloud Ltd | | |

irrelevant to evaluating SoundCloud Europe's contact with California as part of the trade secret theft scheme. Hempel, 2018 WL 5777491.

39. There's nothing in the complaint that clearly or plausibly pleads that SoundCloud Europe did, well, anything in California related to its alleged theft of Plaintiff's technology. That's fatal to a claim that this federal court has jurisdiction over the European entity. Walden, 571 U.S. at 286; Axiom, 874 F.3d at 1070; Healthline.com, 2018 WL 5296291; Hempel, 2018 WL 5777491; Medimpact, 202 WL 1433327.

40. To get around this obvious problem, Plaintiff tries to transfer SoundCloud Europe's contacts with California to those of its subsidiary, SoundCloud US. Two key problems. First, the complaint does not plausibly allege facts sufficient to disregard the corporate distinctions between the two entities. Plaintiff's conclusory allegation that one company is the alter ego of the other (based on minimal facts about common executives and joint ownership that certainly apply to all related companies) doesn't provide a legitimate basis for jurisdiction over the foreign company. Axiom, 874 F.3d at 1071; Holland American Line, 485 F.3d at 459. In the same vein, Plaintiff's general contention that SoundCloud US has acted as SoundCloud Europe's agent in various ways is not adequate to establish that the American entity does so for all purposes, including for the conduct alleged in the complaint.

41. Second – and more crucially – the Second Amended Complaint is entirely silent in alleging any facts linking SoundCloud US to any misconduct at all. Read broadly, the complaint essentially alleges that both companies simultaneously took all actions necessary to steal Plaintiff's technology and develop their competing project. That's just implausible on its face. It's obviously conclusory for a litigant to say that A and B (and C and D) all did the same thing to me, without making any attempt to distinguish between the parties or to explain in any way the basis for their alleged culpability. Iqbal, 556 U.S. at 678; Vendavo, 2018 WL 1456697 at *4; Ansara, 2020 WL 2281476 at *6.

42. The complaint is also unsupported by any legitimate factual assertions that SoundCloud US did anything – in California, or elsewhere – as part of the defense's scheme. Rather, in order to allege jurisdiction over both companies, Plaintiff relies on a formulation that (i) SoundCloud Europe (or, perhaps SoundCloud US) stole the trade secrets, (ii) SoundCloud Europe has a close relationship with SoundCloud US, and (iii) SoundCloud US generally has ties to California. But, as with the foreign entity, that chain of vague allegations is insufficient to plausibly plead that SoundCloud US

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-847 MRW | Date | July 13, 2020 |
|---|---|---|---|
| Title | Beatport LLC v. SoundCloud Ltd | | |

participated in the alleged misconduct here. Plaintiff has not pled a plausible, non-speculative, fact-based claim of trade secret theft against the American subsidiary. Twombly, 550 U.S. at 555.

      43.    Plaintiff's tacked-on argument for jurisdiction under Rule 4(k) fares no better. SoundCloud Europe certainly has broader ties to the United States as a whole than simply to California. Its website is likely viewable in all 50 states, and the revenue it derives from the entire nation is even more considerable than what it earns locally. But the complaint alleges no facts establishing that the claim-related conduct – when aggregated from around the nation – is any greater than the (non-existent) facts involving SoundCloud Europe's alleged California-based trade secret thieving. Holland American Line, 485 F.3d at 462; Axiom, 874 F.3d at 1072. Rule 4(k) does not provide an adequate substitute basis for jurisdiction.

\* \* \*

      44.    Plaintiff's factual allegations in favor of jurisdiction over the SoundCloud entities are far too vague, conclusory, and speculative to fairly require them to defend themselves in federal trade secret litigation. Starr, 652 F.3d at 1216. After more than a year of legal wrangling over three iterations of pleading, it's clear that Plaintiff cannot properly allege a basis for subjecting either the European company or its American affiliate to this Court's jurisdiction. The Court therefore dismisses the Second Amended Complaint without leave to amend.[4]

---

    [4]    Because the Court concludes that it does not have jurisdiction over the defendants, it declines to address the parties' contentions regarding the substantive causes of action.